MALCOLM L. GADDIS, PLAINTIFF-RESPONDENT, v. MORTIMER C. GADDIS, DEFENDANT-APPELLANT.

Submitted January term, 1932—Decided April 9, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the respondent, *Frederick M. Barnes.*

For the appellant, *Hiram Elfenbein.*

PER CURIAM.

This was a suit upon a promissory note of $300 made by the defendant to the plaintiff. The defense was a total lack of consideration, to substantiate which, the defendant testified to the giving to him by the plaintiff of a note of $500 upon the maturity of which the plaintiff paid $250 and interest, but that to do so the defendant gave or loaned him the note in suit which was discounted by the plaintiff and credited to his bank account in order to make good his check for $250, payment on account of defendant's $500 note.

This $500 note was proved and marked for identification. Subsequently defendant offered it in evidence and the trial judge refused the offer.

Points 1 and 3 urged for reversal are respectively error in refusing to nonsuit and to direct a verdict in favor of the appellant.

There was no error in the rulings upon these motions. There were disputed questions of fact which required jury action both at the time of moving the nonsuit and requesting the direction of verdict.

Point 2. That it was error for the trial judge to refuse to admit in evidence the note of $500. (*Exhibit D-3* for identification.)

We think this is so. It was what may be termed a piece of physical evidence, which by examination and reading would tend to corroborate the defendant's testimony.

Point 4 is that the trial court erred in charging the jury, "that the burden of proving the failure of consideration was upon the defendant who has to prove this by the preponderance of the evidence and that if such was not proven by him by the preponderance of the evidence then they could find for the plaintiff * * *."

This instruction was erroneous and placed upon the appellant a prejudicial and harmful burden.

Section 24, Negotiable Instruments act (3 *Comp. Stat.,* *p.* 3738) provides, "every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration * * *."

This simply makes for a *prima facie* presumption of consideration accorded by the statute which otherwise the holder of the instrument would be called upon to establish by proof. If there is no proof to the contrary, it stands and is controlling. If there is proof to the contrary, however strong, a jury question is presented. *McCormack* v. *Williams,* 88 *N. J. L.* 170.

Under this provision of the statute the plaintiff has the *prima facie* presumption of valuable consideration, subject to being rebutted and overcome. The burden of going *forward* with such proof is upon the defendant, but in the end, and ultimately, the burden is that of the plaintiff by proof plus the presumption as against proof by the defendant to the contrary to establish consideration by a fair preponderance of the evidence. That burden never shifts to the defendant.

An instruction to this effect seems to have been approved in *Cockrell* v. *McKenna,* 104 *N. J. L.* 592, 595.

For these reasons the judgment under review is reversed.